**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT ELLICK, | NO. CV 03-6814-E |
| Plaintiff, | |
| v. | OPINION AND ORDER GRANTING |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | IN PART COUNSEL'S MOTION FOR |
| | ATTORNEY FEES PURSUANT TO |
| Defendant. | 42 U.S.C. SECTION 406(b) |

**PROCEEDINGS**

On June 16, 2006, counsel for Plaintiff filed "Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 USC § 406(b), etc." ("the Motion"), seeking $18,500. On July 12, 2006, Defendant filed a response that purportedly takes no position as to whether the requested fee is reasonable, but notes certain factors for the Court's consideration. Counsel for Plaintiff filed a reply on July 17, 2006. The Court has taken the Motion under submission without oral argument. See Local Rule 7-15; June 16, 2006 Minute

Order.[1]

## BACKGROUND

Plaintiff filed a complaint on September 26, 2003, seeking review of the Commissioner's denial of disability benefits.[2] Following Defendant's answer, Plaintiff filed a motion for summary judgment. The motion for summary judgment asserted that the Commissioner's denial should be reversed, and benefits should be awarded, because: (1) the Administrative Law Judge ("ALJ") allegedly failed to offer any reason to reject the treating physician's opinion that Plaintiff is disabled; and (2) the ALJ allegedly failed to offer clear and convincing reasons to reject Plaintiff's subjective complaints of pain. See "Notice of Motion and Motion for Summary Judgment, etc.," filed March 30, 2004.

On May 7, 2004, the parties stipulated to remand the matter to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. section 405(g). The Court entered an order and a judgment accordingly. See "Stipulation to Voluntarily

---

[1] On January 20, 2004, the parties filed a consent to proceed before a United States Magistrate Judge for all purposes. Thus, the Motion properly is before the Magistrate Judge. See 28 U.S.C. § 636(c).

[2] Plaintiff filed at least two applications for benefits with the Social Security Administration that were denied initially and on reconsideration. See Administrative Record, filed February 6, 2004 ("A.R.") pp. 12, 52. Administrative Law Judges then conducted hearings and eventually issued unfavorable decisions. A.R. 12-18, 52-57. The Appeals Council denied review. A.R. 5-7. Plaintiff's current counsel did not represent Plaintiff in those proceedings. A.R. 12.

2

Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g) and to Entry of Judgment; Order Thereon" and "Judgment of Remand," filed May 7, 2004.

Following remand, the Administration conducted proceedings that resulted in a favorable decision for Plaintiff and an award of past-due benefits from December 1998, totaling approximately $68,097. See Exhibits 2 and 3 filed with the Motion.[3] Of this award, the Commission withheld $17,024.25 (i.e., 25 percent) for attorney fees. See "Defendant's Response to Plaintiff's Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 406(b)," p. 5, n. 4.

Counsel for Plaintiff now moves for $18,500 in fees, which counsel asserts is $8.25 less than 25 percent of the approximated award.[4] Counsel acknowledges that any award made under section 406(b) must be offset by the $2,600 in attorney fees counsel previously recovered under the Equal Access to Justice Act ("EAJA"). See Motion, p. 3; "Stipulation for the Award and Payment of Attorney Fees

---

[3] Exhibit 3 does not provide the total amount of past-due benefits or the amount withheld for attorney fees. See Motion, Exhibit 3, pp. 2-3 (setting forth monthly past-due benefit amounts but noting that amounts do not include deductions or rounding). Rounding down the chart's monthly benefits to the nearest dollar (as the Administration notes it must do), yields a total of $68,097 past-due benefits to Plaintiff. See id. at 1.

[4] In the handwritten notes on Exhibit 3 to the Motion, counsel for Plaintiff appears to have miscalculated the amount of past-due benefits for December 2005 through April 2006. See Motion, Exhibit 3, p. 2. The Court construes counsel's request as a request for $17,024.25 in fees in accordance with the fee agreement. See Emerson v. Barnhart, 2005 WL 1799217 (D. Kan. Jul. 25, 2005) (similarly limiting request to contractual rate where Plaintiff's counsel sought more than 25 percent of past-due benefits after having made a mathematical error).

3

1  Under the EAJA, etc.," filed July 12, 2004; 28 U.S.C. § 2412. In
2  support of the Motion, counsel for Plaintiff submitted a copy of the
3  fee agreement between Plaintiff and counsel, which provides for a
4  contingent fee of 25 percent of any past-due benefits awarded on the
5  reversal of any unfavorable ALJ decision. See Motion, Exhibit 1 at
6  ¶¶ 3-4.

**APPLICABLE LAW**

Under 42 U.S.C. section 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant. The Court has an independent duty to ensure that a section 406(b) contingency fee is reasonable. See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").[5]

The United States Supreme Court has explained that section 406(b):

---

[5] Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

See 42 U.S.C. § 406(b)(1)(A). Section 406(b) supplements section 406(a), which provides that the Commissioner may award attorney fees to a successful claimant's counsel for work performed before the Social Security Administration. See 42 U.S.C. § 406(a).

4

> . . . does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within this 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

Gisbrecht at 807 (citations omitted).

When a contingency fee falls within the 25 percent boundary, as here, Gisbrecht instructs that the Court appropriately may reduce counsel's recovery:

> . . . <u>based on the character of the representation and the results the representative achieved</u>.  If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court.  <u>If the benefits are large in comparison to the amount of time counsel spent on the case [thereby resulting in a windfall], a downward adjustment is similarly in order</u>.

Id. at 808 (citations omitted) (emphasis added); see also Straw v. Bowen, 866 F.2d 1167, 1169-70 (9th Cir. 1989) (in traditional, non-contingency fee analysis, the court multiplies reasonable hours expended by the prevailing market rate to arrive at a "lodestar figure"; the court may adjust the lodestar figure by considering the factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), to the extent the lodestar figure does not already subsume such factors). Gisbrecht does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is "in order."

Justice Scalia dissented in Gisbrecht, expressing concern that the majority opinion "does nothing whatever to subject [section 406(b)] fees to anything approximating a uniform rule of law." Gisbrecht, 535 U.S. at 809. Justice Scalia's concern may have been well-founded. To date, there have been 43 reported decisions applying Gisbrecht to section 406(b) fee requests. A survey of these cases reveals considerable divergence and scant evidence of any "uniform rule of law."

**A.   Post-Gisbrecht Decisions Awarding the Full 25 Percent of Past-Due Benefits**

Slightly more than half, or 23, of the reported decisions applying Gisbrecht to section 406(b) requests have awarded attorney fees in the amount of the requested 25 percent of past-due benefits. The stated justifications for these awards vary widely. For example,

6

1  five of the decisions generally defer to the fee agreement,
2  apparently without considering whether the benefits obtained were
3  large in comparison to the time counsel spent representing the
4  claimant.[6]  Four decisions mention the size of the recovery in
5  comparison to the time spent, but nonetheless deem the contingency
6  fee "reasonable" because of the supposed difficulties in representing
7  the claimants and/or the exceptional results obtained.[7]

---

[6] See Colegrove v. Barnhart, 2006 WL 1716823 *1 (W.D.N.Y. Jun. 23, 2006) (awarding section 406(b) fee equating to 25 percent of past-due benefits in accordance with contract without discussing reasonableness of fee); Silliman v. Barnhart, 421 F. Supp. 2d 625, 626 (W.D.N.Y. Mar. 27, 2006) (generally deferring to contingency fee agreement where attorney obtained good results, without delay, and attorney's skill resulted in efficient representation); Thomas v. Barnhart, 412 F. Supp. 2d 1240, 1244 (M.D. Ala. 2005) (awarding fees that together with section 406(a) fees equated to a 25 percent recovery, reasoning that any reduction would encourage delays, questionable timekeeping and unnecessarily lengthy papers and would require the court to determine a reasonable hourly rate – precisely the lodestar method that Gisbrecht rejected); Kopulos v. Barnhart, 318 F. Supp. 2d 657, 668-69 (N.D. Ill. 2004) (awarding section 406(b) fees equating to 25 percent as "reasonable" because the fees were consistent with the contingency fee agreement and the statutory cap, and the Commissioner did not object to the award); and Deane v. Barnhart, 2003 WL 23707219 *1 (W.D. Va. Nov. 21, 2003) (deeming 25 percent reasonable given the risks in contingent litigation).

[7] See Whitehead v. Barnhart, 2006 WL 681168 *5 (W.D. Tenn. Mar. 14, 2006) (awarding contract rate even though *de facto* hourly rate for time spent before court was $982; court refused to interpret "windfall" to permit a reduction based solely on a quantitative comparison between *de facto* hourly rate and normal hourly rates, and instead found the fee "reasonable" considering that counsel provided quality representation and argued novel, case-specific and risky position to obtain over $100,000 in past due benefits); Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (awarding fees that together with section 406(a) fees equated to a 25 percent recovery where the "unusually long" 17-year period of disability and the challenge arguing and proving the ALJ was biased justified the "large" award amounting to an (unmentioned) $810.61 *de facto* hourly rate); Droke v. Barnhart, 2005 WL 2174397 *2 (W.D. Tenn. Sep. 6, 2005) (awarding section 406(b) fees equating to 25 percent of past-due benefits where *de facto* hourly rate was $830.82 – 5.5 times larger than counsel's normal hourly rate – considering that counsel was an experienced
(continued...)

Each of the remaining 14 decisions awarding 25 percent of past-due benefits approves the fee request based at least in part on a finding that the *de facto* hourly rate for counsel's time was "reasonable." Eleven of these 14 decisions calculate the *de facto* hourly rate based only on the time counsel spent before the court.[8] Three of these decisions calculate the *de facto* hourly rate based on

---

[7](...continued) attorney who achieved "exceptional" results); and Mudd v. Barnhart, 2003 WL 23654009 (W.D. Va. 2003), aff'd, 418 F.3d 424 (4th Cir. 2005) (awarding same where fee was "reasonable" based on the substantial time and effort the attorney devoted to the case at both the court and administrative levels, where *de facto* hourly rate for court time was $736.84).

[8] See Whitehead v. Barnhart, 2006 WL 910004 *2 (W.D. Mo. Apr. 7, 2006) (awarding fees that together with section 406(a) fees equated to a 25 percent recovery, where *de facto* hourly rate was $373.17 for time spent before the court); Morris v. Barnhart, 2005 WL 3107746 *2 (W.D. Tenn. Nov. 15, 2005) (awarding same where *de facto* hourly rate was $291, and noting that counsel faithfully represented client for a number of years); Pennington v. Barnhart, 2005 WL 2654358 *2 (W.D. Va. 2005) (awarding same where *de facto* hourly rate was $135.50); Faircloth v. Barnhart, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (awarding same where $510.25 *de facto* hourly rate was similar to other fees awarded in the past in the District of New Mexico for contingent fee cases); Emerson v. Barnhart, 2005 WL 1799217 *1 (D. Kan. Jul. 25, 2005) (awarding same where $150 *de facto* hourly rate was less than counsel's normal hourly rate); Mitchell v. Barnhart, 376 F. Supp. 2d 916, 923 (S.D. Iowa 2005) (awarding same where *de facto* hourly rate was $327.80 – 1.6 times counsel's normal hourly rate); Lambert v. Barnhart, 2005 WL 991731 *2 (W.D. Va. 2005) (awarding section 406(b) fees equating to 25 percent of past-due benefits where *de facto* hourly rate was $136.45); Brannen v. Barnhart, 2004 WL 1737443 *6 (E.D. Tex. Jul. 22, 2004) (awarding fees that together with section 406(a) fees equated to a 25 percent recovery, where $304.40 *de facto* hourly rate was close to counsel's normal hourly rate, but adding "[to] focus too sharply on hourly rates and time would essentially return to the lodestar approach rejected in Gisbrecht"); Hussar-Nelson v. Barnhart, 2002 WL 31664488 *3 (N.D. Ill. Nov. 22, 2002) (awarding same where $393 *de facto* hourly rate on recovery for time spent before the court was similar to or less than other awards, and where counsel demonstrated great skill and devoted substantial time to reaching the result); and Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. 2002) (awarding same where *de facto* hourly rate was $350.49, noting that the best indicator of reasonableness is the fee agreement).

8

the time counsel spent before the court combined with the time counsel spent before the agency.[9]

### B. Post-*Gisbrecht* Decisions Awarding Full Amount Requested, But Less than 25 Percent of Past-Due Benefits

Eight of the reported decisions applying Gisbrecht have awarded the full amount requested, when the amount happened to be less than 25 percent of the claimant's past-due benefits. In seven of these decisions, the court appears to have considered the amount of time spent in relation to the benefits obtained.[10] In the

---

[9] See Henshaw v. Barnhart, 317 F. Supp. 2d 657, 662 (W.D. Va. 2004) (awarding section 406(b) fees equating to a 25 percent recovery of past-due benefits where *de facto* hourly rate was $250 for time before the court and the agency); Bartrom v. Barnhart, 2003 WL 21919181 *3 (N.D. Ind. Feb. 26, 2003) (awarding fees that together with section 406(a) fees equated to a 25 percent recovery, where *de facto* hourly rate on entire recovery for time spent before the court and the agency was only $20.31); and Thompson v. Barnhart, 240 F. Supp. 2d 562, 565 (W.D. Va. 2003) (awarding section 406(b) fees equating to 25 percent, where *de facto* hourly rate for time spent before the court and the agency was $187.55, and the average lodestar rate was $200 per hour).

[10] See McPeak v. Barnhart, 388 F. Supp. 2d 742, 747 (S.D. W.Va. 2005) (approving request for fees that together with section 406(a) fees equated to a 19.7 percent recovery of past-due benefits, where *de facto* hourly rate for time spent before the court was $681.82, and where defendant offered no cognizable reason to reduce the amount of the fee requested); Coley v. Barnhart, 2005 WL 991727 *2 (W.D. Va. Apr. 28, 2005) (approving request for section 406(b) fees equating to a 20.4 percent recovery of past-due benefits, where *de facto* hourly rate was $312.50); Thomas v. Barnhart, 2005 WL 894886 *2 (W.D. Va. Apr. 18, 2005) (approving request for 8.4 percent of past-due benefits, where *de facto* hourly rate was $206.84); Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1364, 1366 (N.D. Ga. 2005) (approving request for 18.4 percent of past-due benefits where *de facto* hourly rate for both attorney and paralegal time was $643, and majority of work was performed by a paralegal); Claypool v. Barnhart, 294 F. Supp. 2d 829, 830 (S.D. W.Va. 2003) (approving request for only nine percent of past-due benefits where *de facto* hourly rate was $1,433.12, and thus full 25
(continued...)

1 remaining case, the court emphasized the fact that the fee was not
2 disputed.[11]

### C. Post-*Gisbrecht* Decisions Reducing Fees

The remaining 12 reported decisions applying Gisbrecht have awarded fees in amounts greater than the amounts that would have been recovered under counsel's standard hourly rates, but less than the requested 25 percent of past-due benefits. These decisions vary significantly in the manner in which the decisions reduce the fees:

- Two decisions reduce the fees to a *de facto* hourly rate 2.5 times counsel's normal hourly rate.[12]
- Three decisions reduce the fees based on amounts the judge previously had adjudicated to be reasonable in

---

[10](...continued) percent recovery would have yielded a contingent fee of roughly $50,000); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1035 (N.D. Cal. 2003) (approving request for 18.2 percent of past-due benefits where *de facto* hourly rate was $450); and Dodson v. Com'rs of Social Security, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002) (approving request for 12.2 percent of past-due benefits where *de facto* hourly rate was $694.44 and claimant's recovery was large).

[11] See Boyd v. Barnhart, 2002 WL 32096590 *3 (E.D.N.Y. Oct. 24, 2002) (approving request for 23.8 percent of past-due benefits where (unmentioned) *de facto* hourly rate was $454.96, noting that case was not submitted on boilerplate pleadings and Commissioner did not dispute the request).

[12] See Van Nostrand v. Barnhart, 2005 WL 1168428 (W.D. Tex. May 12, 2005) (reducing fees from $15,053.25 to $11,400 for a *de facto* hourly rate of $500 – 2.5 times counsel's normal hourly rate); and Ogle v. Barnhart, 2003 WL 22956419 *5-6 (D. Me. Dec. 12, 2003) (reducing fees from $25,727 to $4,572.50, and decreasing the *de facto* hourly rate from $2,180.25 to $387.50 – 2.5 times counsel's normal hourly rate for court-related time; noting issues raised were not complex).

        other cases or had experienced in practice and on the bench.[13]

- Five decisions reduce the fees markedly, but without any precise explanation regarding how the court calculated the reduction.[14]

- One decision excludes fees attributable to paralegal time.[15]

- One decision excludes fees for past-due benefits

---

[13] See Hodges-Williams v. Barnhart, 400 F. Supp. 2d 1093, 1099-1100 (N.D. Ill. Dec. 6, 2005) (reducing fees from $26,699.75 to $9,275.00, for a *de facto* hourly rate of $350 based on judge's own experience in private practice and with the court); Van Lewis v. Barnhart, 2004 WL 3454545 *1 (W.D. Va. Jun. 11, 2004) (reducing fees to *de facto* hourly rate of $225, representing the highest hourly rate generally approved by the court in noncontingency fee cases); and Martin v. Barnhart, 2003 WL 24131169 *1 (W.D. Va. Jul. 2, 2003) (reducing fees from $10,189 to $7,135 based on an award of 70 percent of the fees sought for the same counsel in another case; (unmentioned) *de facto* hourly rate was $424.20).

[14] See Grunseich v. Barnhart, 2006 WL 2048324 *1 (C.D. Cal. Jun. 8, 2006) (reducing fees from $10,000 to $7,074, decreasing the *de facto* hourly rate from $1,242.36 to $600 for attorney time, and from $157 to $120 for paralegal time, where counsel and paralegal spent a total of only 11.5 hours on the case and sought only 12.5 percent of past-due benefits); Perez v. Barnhart, 2006 WL 781899 *2 (E.D. Pa. Mar. 23, 2006) (reducing fees from $20,563.50 to $13,932, decreasing *de facto* hourly rate from $1,195.55 to $810); Milam v. Barnhart, 387 F. Supp. 2d 656, 657-59 (W.D. Va. Aug. 29, 2005) (reducing fees from $9,986 to $6,300 for a *de facto* hourly rate of $500, rejecting Report and Recommendation recommending original amount); Wallace v. Barnhart, 2004 WL 883447 *4 (N.D. Iowa Apr. 22, 2004) (reducing fees from $7,872.50 to $4,750 for a *de facto* hourly rate of $180.95; noting that the time spent researching issue that was neither complex nor unusual seemed high); and Brown v. Barnhart, 270 F. Supp. 2d 769, 772 (W.D. Va. 2003) (reducing fees from $8,641.50 to $6,000 for an (unmentioned) *de facto* hourly rate of $977.20; court did not explain how it reached reduced fee).

[15] See Roark v. Barnhart, 221 F. Supp. 2d 1020, 1023-26 (W.D. Mo. 2002) (reducing fees from $6,576 to $2,729.78 for a *de facto* hourly rate of $338.29, denying fees for paralegal time where counsel did not provide sufficient evidence to support an award for the paralegal, and noting case was not novel or difficult).

11

recovered for the claimant's minor children.[16]

### D. Lack of Uniformity; Lack of Guidance

In sum, therefore, the reported decisions suggest that district courts applying Gisbrecht have not been uniform in their approach.[17] It does appear, however, that most (but not all) of these courts have drawn on a traditional lodestar analysis in evaluating whether a full contingent percentage recovery would amount to a "windfall," within the meaning of Gisbrecht.

As yet, there is virtually no circuit court guidance in this area. Only the Fourth Circuit has published a decision interpreting or implementing Gisbrecht. In Mudd v. Barnhart, 418 F.3d 424, 428-29 (4th Cir. 2005), the Fourth Circuit affirmed a 25 percent fee, holding that the district court appropriately considered the time counsel spent before the agency as relevant in determining the complexity of the case, the lawyering skills required, and therefore the reasonableness of higher fees. Ultimately, however, the Circuit merely deferred to the district court's determination that the fee was reasonable in that particular case. Id.

---

[16] See Shackles v. Barnhart, 2006 WL 680960 *2 (E.D. Pa. Mar. 15, 2006) (reducing fees from $19,040.77 to $12,700, decreasing the *de facto* hourly rate from $1,120.50 to $664.92, by deleting from calculation past-due benefits recovered for claimant's two minor children, since no extra work was needed for the recovery of these benefits).

[17] Doubtlessly, most decisions applying Gisbrecht are unreported.

12

**DISCUSSION**

Having reviewed the papers on file in this case in light of Gisbrecht and its progeny, the Court concludes that counsel has not met her burden of showing the reasonableness of the fees requested. See 42 U.S.C. § 406(b); Gisbrecht, 535 U.S. at 807. Counsel's office achieved a favorable result for Plaintiff and should be compensated above the office's normal hourly fees to recognize the risks of contingent litigation. See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d at 1037 (quoting Dodson v. Commissioner of Social Security, 2002 WL 31927589: "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants."). However, the $68,097 in past-due benefits Plaintiff recovered is large in comparison to the amount of time spent on the case by counsel's office. In counsel's June 2004 declaration submitted with her request for EAJA fees, counsel states:

> My normal billing rate for matters taken on an hourly basis is $220.00 per hour, and $95.45 for my paralegal.

See "Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act, etc.," filed June 4, 2004, at p. 9, ¶ 3. Counsel spent 16.2 hours and her paralegal spent 4.7 hours. See Motion, Exhibit 4. If compensated according to the normal hourly rates, counsel would receive:

$220.00 x 16.2 hours =   $3,564.00

```
              $ 95.45 x 4.7 hours    =      448.62
                      Total Fees          $4,012.62
```

If counsel receives the full 25 percent under the fee agreement, however, counsel will receive a fee equivalent to roughly 4.24 times her normal hourly rates (i.e., $933.39 per hour for counsel's time and $404.96 per hour for her paralegal's time).[18] Additionally, at least one court adjudicating section 406(b) fee requests has denied recovery for non-attorney time that can be compensated under the EAJA. See Roark v. Barnhart, 221 F. Supp. 2d at 1021; but see Hussar-Nelson v. Barnhart, 2002 WL 31664488 (not differentiating between 48.8 hours spent by attorney and 5.1 hours spent by law clerk in considering reasonableness of fee for work before the court).

While the contingent risk in the present case should be compensated reasonably, it should not be compensated as richly as counsel suggests. Under the circumstances of this case, to do as counsel suggests would not be faithful to Gisbrecht. See Gisbrecht at 808 ("If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order"). Counsel spent very little time on the case in comparison to

---

[18] Counsel argues the fee sought is only 3.43 times a comparable hourly rate derived from the 2000 Small Law Firm Economic Survey and the 2001 Small Law Firm Economic Survey. See Motion, pp. 13-15; Exhibits 5-9 to Motion. Contrary to counsel's argument, rates other than the normal hourly rates of counsel's office do not materially aid the Court's assessment of reasonableness. See Gisbrecht, 535 U.S. at 808 (The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement."); see also Grunseich v. Barnhart, supra, 2006 WL 2048324 at *2 n.3 (rejecting reliance on these surveys).

14

the amount of benefits now owing, and the issues briefed in the summary judgment motion were neither novel nor complex.[19]

///

The Court finds that a downward adjustment from a full contingency fee award is required in this case to arrive at a fee that is "reasonable for the services rendered." After surveying the case law, and after considering the nature of the contingent risk, the Court finds that a fee of $10,031.56, representing 2.5 times the normal hourly rates of counsel and her paralegal (or a *de facto* rate of $550 for counsel and $238.63 for her paralegal) is a reasonable fee for the representation of Plaintiff before this Court. See Brannen v. Barnhart, 2004 WL 1737443 (awarding fee that was roughly 1.01 times counsel's normal hourly rate); Wallace v. Barnhart, 2004 WL 883447 (awarding fee that was 1.25 counsel's normal hourly rate); Hearn v. Barnhart, 262 F. Supp. 2d at 1035 (awarding fee that was roughly 1.5 times counsel's normal hourly rate); Mitchell v. Barnhart, 376 F. Supp. 2d at 923 (awarding fee that was 1.64 times counsel's normal hourly rate); Coppett v. Barnhart, 242 F. Supp. 2d at 1381 (awarding fee that was roughly twice counsel's normal hourly rate); Roark v. Barnhart, 221 F. Supp. 2d at 1021 (same); Ogle v. Barnhart, 2003 WL 22956419 (awarding fee that was 2.5 times counsel's normal hourly rate); Van Nostrand v. Barnhart, 2005 WL 1168428 (same); cf. Yarnevic v. Apfel, 359 F. Supp. 2d at 1365-66 (awarding fee that was roughly 2.85 times counsel's standard hourly rate); Droke v. Barnhart, 2005 WL 2174397 (awarding fee that was roughly

---

[19] Counsel does not argue that any of the issues raised in Plaintiff's complaint or motion for summary judgment were particularly novel or complex, nor could she persuasively so argue.

5.54 times counsel's normal hourly rate where counsel achieved "exceptional" results); Claypool v. Barnhart, 294 F. Supp. 2d at 830 (awarding fee that was roughly 5.73 times counsel's normal hourly rate where past-due benefits totaled almost $200,000); and Whitehead v. Barnhart, 2006 WL 681168 (awarding fee that was roughly 6.55 times counsel's normal hourly rate where counsel argued novel, case-specific and risky position).

The Court acknowledges the regrettable imprecision of its analysis.[20] After Gisbrecht, counsel and their clients cannot predict with any degree of certainty what courts will award as "reasonable" fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel. And, absent further guidance from Congress or from the appellate courts, district courts cannot have any degree of confidence that their section 406(b) awards will be consistent with what the law intends.[21]

///

///

---

[20] Indeed, this Court's decision is vulnerable to some of the same criticisms that the decision implicitly directs at the prior decisions of other courts. Arguably, there is too little explanation for the size of the downward adjustment to 2.5 times the lodestar figure. Why is 2.5 necessarily the appropriate factor for an uncomplicated Social Security case? Would a factor of 2.0 or 3.0 be equally reasonable or unreasonable? Why or why not? It is easier to rule than to explain.

[21] Ironically, further guidance from the appellate courts may be unlikely, given the deference accorded to district courts in this context. See Gisbrecht at 808 ("Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review"). Speaking for itself, this Court gladly would exchange some of its respect for a little more guidance.

16

1  ///
2  ///
3  ///
4  ///
5  ///
6  ///

**CONCLUSION**

The Motion is granted in part.  Section 406(b) fees are allowed in the gross amount of $10,031.56, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits.  Counsel shall reimburse Plaintiff in the amount of $2,600, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED:  August 17, 2006.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE